UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN EDWARD-HENRY BRADLEY,

    Petitioner,

v.

Case No. 1:21-cv-10461
Hon. Thomas L. Ludington

JONATHAN HEMINGWAY,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Benjamin Edward-Henry Bradley, currently in the custody of the Federal Bureau of Prisons ("BOP") at FCI Milan in Milan, Michigan, filed a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the BOP's rescission of its order transferring him to home confinement due to the COVID-19 pandemic, and seeks enforcement of the original order. Because the Court is without authority to provide the relief requested, and because any alternative relief must be addressed in the district court which imposed Bradley's original sentence, the petition for writ of habeas corpus will be summarily dismissed.

**I.**

**A.**

"Between 2009 and 2015, Bradley split his time between working as a medical technician in Detroit and running an opioid trafficking conspiracy." *United States v. Bradley*, 969 F.3d 585, 587 (6th Cir. 2020), *petition for cert. filed*, (U.S. Feb. 11, 2021) (No. 20-7198). Bradley obtained the pills by various methods in Detroit and either shipped the pills south or sent them by courier.

*Id*. at 587-88. Bradley was paid by a coconspirator who oversaw distribution of the pills in Tennessee. *Id*.

Bradley pled guilty to one count each of conspiracy to distribute a controlled substance and to launder money. *Id*. at 588; *see also United States v. Bradley*, No. 3:15-CR-00037-2, 2019 WL 3934684, at *2 (M.D. Tenn. Aug. 20, 2019), *aff'd*, 969 F.3d 585 (6th Cir. 2020). The Sixth Circuit affirmed Bradley's seventeen-year prison sentence, as well as a forfeiture order entered by the district court after it held an evidentiary hearing following remand. 969 F.3d at 588, 592. Bradley's petition for writ of certiorari remains pending at the United States Supreme Court. *See Bradley v. United States*, Dkt. No. 20-7198.

**B.**

Bradley asserts that on April 16, 2020, he "was informed by his BOP Unit Team that the BOP had approved him for transfer to home confinement . . . ." ECF No. 1 at PageID.7. He signed the paperwork for his release on April 19. *Id*. at PageID.8. On April 20, FCI Milan Warden Jonathan Hemingway issued a memo stating that prisoners "who have served at least 50% of their sentence would be given priority for transfer to home confinement 'effective the date of this Memorandum.'" *Id*. On the same day, Hemingway rescinded the order transferring Bradley to home confinement. *Id*. According to Hemingway, as of May 2020, Bradley had served approximately thirty-one per cent of his term of incarceration. *Id*. at PageID.40.

Bradley argues that the BOP's decision to rescind his transfer was arbitrary and capricious, an Ex Post Facto violation, and a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Id*. at PageID.10-15. Bradley also asserts that he is at "high risk for severe complications and death from COVID-19[,]" due to obesity (41.1 BMI) and hypertension. *Id*. at PageID.8, 11; *see also id.* at PageID.20–28 (medical records). Bradley requests an order from this

Court "under the CARES Act of 2020," directing the BOP to reverse its decision. *Id*. at PageID.7. He seeks immediate transfer to home confinement, an explanation by the BOP for its actions against him, or "a strong judicial recommendation" for transfer to home confinement. *Id*. at PageID.15.

## C.

Several months before Bradley filed his § 2241 habeas petition seeking a transfer to home confinement, Bradley began pursuing sentence relief in the Federal District Court for the Middle District of Tennessee. According to Bradley's criminal case docket,[1] Bradley wrote that court on April 20, 2020, complaining of the same sequence of events which culminated in the rescission of his home confinement transfer order. *See United States v. Buchanan*, *et al.*, M.D. Tenn. Case No. 3:15-CR-00037-2, ECF No. 1245 at PageID.5484. Bradley asked the Tennessee federal court for a sentence reduction or compassionate release. *Id*. at PageID.5484–85. Bradley continues to litigate the issue, most recently with a motion for reconsideration docketed on May 3, 2021. *See* ECF No. 1333 in No. 3:15-CR-00037-2.

In June 2020, the court denied Bradley relief after a "complete review of the motion on its merits"; after full briefing, it also denied Bradley's motion for reconsideration. ECF Nos. 1264, 1277 in No. 3:15-CR-00037-2. In December 2020, Bradley filed a second motion for compassionate release. He argued that when the Centers for Disease Control reduced the threshold to establish obesity, his increased risk for COVID-19 was again established. ECF No. 1311 in No. 3:15-CR-00037-2.

---

[1] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir.), *cert. granted*, 139 S. Ct. 451 (2018), *and aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted).

In its April 15, 2021 order denying Bradley's requested relief, the court reviewed Bradley's medical conditions, institutional record, and numerous other factors pertinent to his sentencing status. ECF No. 1332 at PageID.6301-03 in No. 3:15-CR-00037-2. The court indicated it was prepared to grant Bradley relief but for the information the Government had just provided: Bradley had received his first shot of the Moderna vaccine. *Id*. at PageID.6303. As a result, "the defendant will shortly be substantially fully protected from contracting COVID-19, and his medical conditions, therefore[,] do not provide extraordinary and compelling reasons for his immediate compassionate release." *Id.*

**II.**

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). (The Rules Governing Section 2254 Cases also apply to petitions brought under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.) If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Rule 4 dismissals include those "which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005) (citing *Carson*, 178 F.3d at 436–37).

## III.

### A.

Bradley argues that the Bureau of Prisons abused its discretion when it rescinded his transfer to home confinement "without any adequate reason or substantive change in the defendant's carceral status." ECF No. 1 at PageID.5. He requests "this Court to order the Federal Bureau of Prisons to honor and enforce its decision to release Mr. Bradley to Home Confinement under the CARES Act of 2020." *Id*. at PageID.7. Unfortunately for Bradley, his request is outside the authority of this Court.

"The CARES Act expands the power of the Bureau of Prisons to 'place a prisoner in home confinement' as an alternative to compassionate release[,]" that is, "early release on health grounds." *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (citing the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020)). However, "[t]he CARES Act does not authorize courts to transfer a prisoner to home confinement for the remainder of his sentence." *United States v. Mitchell*, 472 F. Supp. 3d 403, 409–10 (E.D. Mich. 2020) (citing *United States v. Gray*, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020)).

"Instead, courts in this district have recognized that under the CARES Act the authority to transfer a prisoner to home confinement remains 'squarely allocated' to the BOP." *Id*. (citing *Miller v. United States*, 453 F.Supp.3d 1062, 1064–65 (E.D. Mich. 2020)) (other citations omitted). Other courts agree: Under section 12001(b)(2) of the CARES Act, "[d]esignation of an inmate's place of confinement, including placement in home confinement, rests within the absolute discretion of the BOP." *United States v. McCloskey*, No. 18-CR-260, 2020 WL 3078332, at *2 (S.D. Ga. June 9, 2020); *see also United States v. Calderon*, No. 1911445, 2020 WL 883084, at

*1 (11th Cir. Feb. 24, 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A), the Attorney General "may" release eligible elderly offenders, and the district court was without jurisdiction to grant relief). These recent decisions correspond with federal case law governing the BOP's home confinement decisions which pre-date the COVID-19 pandemic. *See*, *e.g.*, *Heard v. Quintana*, 184 F. Supp. 3d 515, 520–21 (E.D. Ky. 2016) (citing *Pennavaria v. Gutierrez*, No. 5:07CV26, 2008 WL 619197, *9 (N.D. W. Va. Mar. 4, 2008)) (other citations omitted) ("[F]ederal prisoners do not have a protected liberty interest in being placed on home confinement, and the BOP has complete and absolute discretion regarding where a prisoner is to be held in pre-release confinement . . . .").

This Court has no authority to grant relief under the CARES Act. Bradley is not entitled to habeas relief.

**B.**

Alternative avenues for relief exist outside the CARES Act, but they must be pursued in the original sentencing court. For instance, "[c]ompassionate release" is a statutory exception to the limited authority district courts have to modify a sentence once imposed. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020); *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Courts are permitted to grant compassionate release by reducing the sentence in "extraordinary and compelling" circumstances. 18 U.S.C. § 3582(c)(1)(A)(i).

Other courts in this district have evaluated requests for either home confinement or compassionate relief for both avenues of relief. *See*, *e.g.*, *United States v. Oliver*, No. 2:17-CR-20489, 2020 WL 2768852, at *1 (E.D. Mich. May 28, 2020) (Berg, J.) (motion "style[d]" for compassionate release appeared to request home confinement; court assessed defendant for both); *United States v. Barnes*, No. 16-20308, 2020 WL 2733885, at *2 (E.D. Mich. May 26, 2020) (compassionate release an alternative to extended home confinement under the CARES Act).

Again, however, the sentencing court is the proper venue for such motions. *United States v. Richardson*, 948 F.3d 733, 749 (6th Cir.), *cert. denied*, 141 S. Ct. 344, 208 L. Ed. 2d 79 (2020). *See also Heard*, 184 F. Supp. 3d at 521 (stating that a motion for compassionate release "must be undertaken in the court where the prisoner was sentenced."). Bradley is properly seeking sentencing relief in the district court in which he was convicted and sentenced. His request that this Court issue "a strong judicial recommendation" for transfer to home confinement, ECF No. 1 at PageID.15, is most appropriately directed there. The Court expresses no opinion whether Bradley is or should be entitled to compassionate release.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed. Therefore, the Court denies a certificate of appealability. The Court will also deny Bradley permission to proceed on appeal in forma pauperis because an appeal cannot be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a Certificate of Appealability and permission to appeal in forma pauperis are **DENIED**.

Dated: May 20, 2021
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge